Per Curiam.
{¶ 1} We grant relators, Ohioans for Fair Districts and its members, a writ of mandamus to compel respondent, Secretary of State Jon Husted, to treat Sections 1 and 2 of Sub.H.B. No. 319 (“H.B.319”), which establishes new congressional districts for the state based on the 2010 decennial census, as subject to referendum, to accept the submission of relators’ referendum-petition summary, and to discharge the duties of his office as provided by Article II of the Ohio Constitution and R.C. 3519.01. Unless a valid referendum petition is timely filed with the secretary of state, these sections of H.B. 319 will become effective 90 days from the September 26, 2011 date the bill was filed by the governor in the office of the secretary of state. Section lc, Article II, Ohio Constitution.
{¶ 2} Under Section lc, Article II, no law or section of any law “passed by the general assembly shall go into effect until ninety days after it shall have been filed by the governor in the office of the secretary of state, except as herein provided.” Section Id, Article II sets forth the exceptions to the general rule, with the exception claimed by respondents here being the one for “appropriations for the current expenses of the state government and state institutions.” The challenged reapportionment provisions of H.B. 319 are not appropriations for current expenses of the state government and state institutions, and the inclusion of the appropriation in Section 4 of H.B. 319 does not alter this result. See generally State ex rel. LetOhioVote.org v. Brunner, 123 Ohio St.3d 322, 2009-Ohio-4900, 916 N.E.2d 462, ¶ 45; see also State ex rel. Ohio AFL-CIO v. Voinovich (1994), 69 Ohio St.3d 225, 236, 631 N.E.2d 582, quoting State ex rel. Riffe v. Brown (1977), 51 Ohio St.2d 149, 167, 5 O.O.3d 125, 365 N.E.2d 876 (O’Neill, C.J., dissenting).
{¶ 3} Our holding in State ex rel. Taft v. Franklin Cty. Court of Common Pleas (1998), 81 Ohio St.3d 480, 692 N.E.2d 560, does not warrant a different conclusion. In Taft, we held merely that certain provisions of legislation imposing taxes if *241 approved by a majority of electors voting in a special election were not subject to referendum even though they did not appropriate money, because implementation of the sections — for a statewide election on the proposed taxes — depended upon the appropriation of money for the election in a separate section of the same act. In effect, the proposed taxes were already subject to a referendum in the form of the special election, and the appropriation of current expenses for the election was to implement that one-time, special election. The provisions in Taft were consequently temporary measures that did not effect a change in permanent law. See LetOhioVote at ¶ 47. That is manifestly not the situation here, where the reapportionment sections of H.B. 319 change Ohio law and are not already subject to voter approval.
{¶ 4} Therefore, consistent with precedent and the plain language of Section lc, Article II of the Ohio Constitution, we grant the writ of mandamus.
Writ granted.
O’Connor, C.J., and Pfeifer, Lundberg Stratton, O’Donnell, Cupp, and McGee Brown, JJ., concur.
Lanzinger, J., concurs in judgment only.